NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ERWINE, | No.    19-16094 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00461-RCJ-WGC |
| v. | |
| CHURCHILL COUNTY, a political subdivision of the State of Nevada, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, Senior District Judge, Presiding

Submitted June 8, 2020**
San Francisco, California

Before:  SCHROEDER and BRESS, Circuit Judges, and MCSHANE,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

Michael Erwine, a former deputy sheriff for Churchill County, appeals from the district court's order granting Churchill County's motion to enforce a settlement agreement. We have jurisdiction under 28 U.S.C. § 1291. Because the facts in the record do not support the district court's findings, we reverse and remand.

A district court's enforcement of a settlement agreement is reviewed for abuse of discretion. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002) (citing *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)). The abuse of discretion test requires this Court to consider whether: (1) the district court applied the appropriate legal standard; and (2) the district court's findings of fact and application of the appropriate legal standard were "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009).

The district court erred by mischaracterizing the necessary conditions for enforcement of the settlement agreement the parties negotiated at the February 4, 2019 Early Neutral Evaluation ("ENE"). The parties needed to: (1) agree which documents Churchill County would remove from Erwine's personnel file; (2) agree what information Nevada Revised Statute ("NRS") § 239B.020 required Churchill County to disclose to public safety agencies who might be interested in hiring Erwine; and (3) execute a written agreement. Even then, the written

agreement—not the tentative agreement from the ENE proceeding—would be the binding settlement agreement.

At the post-ENE hearing, Magistrate Judge Carla B. Carry clearly stated to Erwine that the settlement agreement was non-binding, that either party could withdraw from the agreement, and that the parties needed to put the agreement in writing and sign it before it would become binding. Given these statements, the settlement was non-binding until the stated conditions were met.

While the parties agreed on what documents would be removed from Erwine's personnel file, they never engaged in a discussion as to the extent of the information Churchill County was obligated to disclose under NRS § 239B.020. Erwine demonstrated that the proposed settlement agreement did not resolve his concerns regarding NRS § 239B.020. Therefore, the district court erred in finding that Erwine failed to show how the proposed settlement agreement was objectionable. *See Hinkson*, 585 F.3d at 1251.

**REVERSED AND REMANDED**.